■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALWYN JACK, Appellant. [606 NYS2d 471] —Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence was insufficient to support his conviction of depraved indifference murder (Penal Law § 125.25 [2]). We disagree. The assessment of the objective circumstances evincing a defendant's depraved indifference to human life is a qualitative judgment to be made by the trier of fact (People v Roe, 74 NY2d 20). Under the circumstances, it was not unreasonable for the jury to conclude that defendant's firing a pistol at the victim from approximately 100 feet presented a grave risk of death.

Defendant also contends that he was entitled to be present at a sidebar conference during trial concerning juror disqualification. A sidebar conference with a juror is not a material stage of the trial at which defendant has a right to be present (see, People v Aguilera, 82 NY2d 23; People v Torres, 80 NY2d 944, rearg denied 81 NY2d 784; People v Stokes, 198 AD2d 847). (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Boehm, JJ.