■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GRAY, Appellant. [615 NYS2d 154] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a bench trial, of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) for shooting the victim with a handgun, following an argument earlier

that evening. We reject the contention of defendant that the evidence is insufficient to support that conviction. The assessment of the objective circumstances evincing defendant's "depraved indifference to human life" (Penal Law § 125.25 [2]) is a qualitative judgment to be made by the trier of fact *(People v Roe,* 74 NY2d 20, 25; *see, People v Register,* 60 NY2d 270, 274-275, *cert denied* 466 US 953; *People v Jack,* 199 AD2d 980).

Viewing the evidence, as we must, in the light most favorable to the People *(see, People v Roe, supra; People v Ford,* 66 NY2d 428, 437), we conclude that the objective circumstances surrounding defendant's conduct provide a sufficient basis for a rational trier of fact to conclude that that conduct displayed the requisite wanton indifference to human life necessary to sustain the conviction *(see, People v Roe, supra; People v Jack, supra; People v Smith,* 148 AD2d 965, *lv denied* 74 NY2d 747). Defendant fired a handgun with a "hair trigger" at the retreating victim from a distance of approximately 32 to 38 feet. We also conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Finally, there is no merit to the contention that the depraved indifference murder statute (Penal Law § 125.25 [2]) is unconstitutional under both the State and Federal Constitutions. "Because the depraved mind murder statute is sufficiently definite to notify an individual of the conduct forbidden and provides specific standards for the [trier of fact] to apply, it passes constitutional muster" *(People v Cole,* 202 AD2d 988; *see, People v Poplis,* 30 NY2d 85, 89). In addition, the statute does not violate the constitutional guarantees of substantive due process and equal protection. It is rational for the Legislature to penalize more seriously conduct such as defendant's, which, though reckless, is "equal in blameworthiness to intentional murder" *(People v Register, supra,* at 275; *see also, People v Gomez,* 65 NY2d 9, 12). (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.