■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHA-TEEK HOWZE, Appellant. [661 NYS2d 797] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), arising out of

the fatal shooting of a young woman. The victim was struck by a stray bullet that penetrated the window frame of her home during the course of a gunfight that had erupted outside her home. Because defendant did not object to the manner in which County Court investigated whether a recently sworn juror should be dismissed as grossly unqualified, his contention that the court's inquiry was insufficient has not been preserved for our review (*see, People v Albert,* 85 NY2d 851, 852; *People v Martinez,* 224 AD2d 326, *lv denied* 88 NY2d 989).

Viewing the evidence in the light most favorable to the People (*see, People v Williams,* 84 NY2d 925, 926), we conclude that the objective circumstances surrounding defendant's conduct provide a sufficient basis for the jury to conclude that defendant's conduct displayed the requisite wanton indifference to human life necessary to sustain the conviction (*see, People v Roe,* 74 NY2d 20, 25; *People v Jernatowski,* 238 NY 188; *People v Gray,* 206 AD2d 883, 884, *lv denied* 84 NY2d 867). Moreover, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's contention that the court's interested witness charge was erroneous is unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]; *People v Perez,* 213 AD2d 1050, *lv denied* 85 NY2d 978).

Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.