■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCAS HENRY, Also Known as PRINCE, Appellant. [706 NYS2d 565] —Judgment unanimously affirmed. Memorandum: Defendant's conviction of murder in the second degree (Penal Law § 125.25 [2]) is supported by legally sufficient evidence (*see,*

*People v Roe,* 74 NY2d 20, 27; *People v Jack,* 199 AD2d 980, *lv denied* 83 NY2d 854) and is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). County Court did not abuse its discretion by its *Sandoval* ruling. The record establishes that the court carefully balanced the probative value of the prior convictions against the potential for undue prejudice to defendant (*see, People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 849, 937; *see generally, People v Sandoval,* 34 NY2d 371, 375).

The court did not abuse its discretion in admitting in evidence the photographs of the deceased victim in a snowbank and at the autopsy (*see, People v Williams,* 241 AD2d 911, 912, *lv denied* 91 NY2d 837). The photographs were used to illustrate relevant evidence as testified to by the witnesses (*see, People v Wood,* 79 NY2d 958, 960; *People v Harrison,* 207 AD2d 359, *lv denied* 84 NY2d 936).

Defendant contends that the court should have instructed the jury that the deal of leniency that was made by the prosecutor with an eyewitness was illegal. We disagree. The court's instruction to the jury on impeachment by benefit conferred "was fairly balanced and stated the applicable rule in clear and understandable language" (*People v Agosto,* 73 NY2d 963, 967; *see,* 1 CJI[NY] 7.24). We reject defendant's further contention that the court's instruction concerning consciousness of guilt was unduly prejudicial. The evidence established that defendant fled from the crime scene, later returned to the scene and hid the body, and then fled to another city. The court properly instructed the jury concerning the weakness of that evidence as an indication of consciousness of guilt (*see, People v Yazum,* 13 NY2d 302, 304, *rearg denied* 15 NY2d 679; *People v Dugan,* 238 AD2d 922, 923, *lv denied* 90 NY2d 857; *People v Lockerby,* 178 AD2d 805, 807, *lv denied* 80 NY2d 834). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Kirk, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.