■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. LYONS, Appellant. [721 NYS2d 179] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]) and criminal possession of a weapon in the second degree (Penal Law § 265.03) for a shooting death. Defendant knew the victim, his wife, and their three children. The victim and his wife owned a restaurant and bar that defendant frequented. The evidence at trial established that defendant and the victim's wife had an intimate relationship and that the victim was generally a violent and jealous person.

When defendant learned that he might have cancer, he found the victim's wife and asked to speak to her because he was distressed over the news of his health. They spoke in defendant's van until the victim arrived. The victim was enraged and threatened to kill defendant. An altercation ensued. The victim was not armed. According to the testimony of the victim's wife and defendant, each attempted to restrain the victim as he struck the two of them. Defendant testified that, as the altercation continued, he reached for something in the

van to fend off the attack and found his unlicensed pistol. He chambered the weapon and fired it twice at close range. Defendant shot the victim once in the chest and once in the head. Either wound could have been fatal.

Defendant contends that the evidence is legally insufficient to support the conviction of depraved indifference murder and that the verdict convicting him of murder is against the weight of the evidence because the evidence established that defendant acted in self-defense. We disagree (*see, People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, "[e]vidence of the actor's subjective mental state * * * *is not pertinent* to a determination of the additional element required for depraved indifference murder: whether the objective circumstances bearing on the nature of a defendant's reckless conduct are such that the conduct creates a very substantial risk of death" (*People v Roe*, 74 NY2d 20, 24). Thus, the concerns of defendant over his health and his fear of the victim are not pertinent to that additional element concerning the risk of death. The evidence established that defendant shot the victim twice at close range, fatally wounding him in the chest and head, and defendant testified that he understood the risk of his conduct. Consequently, the evidence provided a sufficient basis for a rational trier of fact to conclude that defendant's conduct created the "very serious risk of death required for depraved indifference murder" (*People v Roe, supra*, at 27; *see, People v Gray*, 206 AD2d 883, 883-884, *lv denied* 84 NY2d 867).

Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to disprove his justification defense beyond a reasonable doubt (*see, People v Gray*, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the People, we conclude that the People disproved the justification defense beyond a reasonable doubt (*see, People v Glod*, 234 AD2d 384, 385, *lv denied* 89 NY2d 1093; *see also, People v Goetz*, 68 NY2d 96, 105-106).

Defendant further contends that the court's conduct deprived him of a fair trial. We disagree. The record does not support defendant's contention that the court improperly injected itself into the proceedings, or that the court displayed bias or hostility toward defense counsel (*see, People v Jamison*, 47 NY2d 882). Because the People's cross-examination of defendant's medical expert did not open the door to new issues, the court did not abuse its discretion in denying defendant's request for a redirect examination of that witness (*see, People v Melendez*, 55 NY2d 445, 451-452). The court also properly denied defendant's request to admit the victim's 1992 certificate of

conviction for assault because the conviction was too remote (*see, People v Miller,* 39 NY2d 543, 552). The court did not abuse its discretion in admitting photographic evidence of the contents of defendant's van (*see, People v Wood,* 79 NY2d 958, 960). Nor did the court err in admitting evidence that defendant kept a loaded shotgun in his van (*see, People v Alvino,* 71 NY2d 233, 242). Based upon our review of the record, we conclude that the court did not abuse its discretion in allowing the demonstration by the prosecutor during the cross-examination of defendant (*see, People v Perkins,* 229 AD2d 981, *lv denied* 88 NY2d 1023).

Defendant further contends that he was denied his right to be present at a material stage of his trial when he was not present for a sidebar conference during jury selection. Where, as here, "a prospective juror is disqualified by the court for cause, any benefit defendant could possibly claim from his presence at that excuse for cause hearing would have been 'but a shadow' * * * and purely speculative" (*People v Roman,* 88 NY2d 18, 28, *rearg denied* 88 NY2d 920). Defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe.

Defendant's remaining contentions are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Cayuga County Court, Corning, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.