■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SAUNDERS, Appellant. [724 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 3, 1999, convicting him of murder in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the murder count to run consecutively to a determinate term of 7 years imprisonment on the assault count. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction of assault in the second degree shall run concurrently with the term of imprisonment imposed on the conviction of murder in the second degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant has not preserved for appellate review his contention that the trial court's charge was improper with respect to its definition of reasonable doubt as "a doubt for which a reason can be given" (see, CPL 470.05 [2]; People v Jackson,

76 NY2d 908, 909). In any event, this contention is without merit (*see, People v Antommarchi,* 80 NY2d 247, 251-252; *People v Durkin,* 200 AD2d 684; 1 CJI[NY] 6.20).

However, as the People correctly concede, the imposition of consecutive sentences was improper under the circumstances of this case (*see,* Penal Law § 70.25 [2]; *People v Yong Yun Lee,* 92 NY2d 987; *People v Ahedo,* 229 AD2d 588; *People v Fonseca,* 229 AD2d 591).

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.