■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE SMITH, Appellant. [758 NYS2d 33] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered March 1, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent

terms of 7½ to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to concurrent terms of 5 to 10 years, and otherwise affirmed.

By consenting to the substitution of an alternate for a sick juror, defendant waived any argument that the substitution was improper (*see People v Ortiz*, 92 NY2d 955 [1998]). The court did not impermissibly delegate its duty to "make a reasonably thorough inquiry" under CPL 270.35 (2) (a) by relying, without objection, on information relayed by a court officer and a court clerk that the juror was ill with the flu, was going to the doctor, and did not feel well enough to go to court the following day (*see People v Harris*, 204 AD2d 240 [1994], *lv denied* 84 NY2d 826 [1994]; *People v Bruno*, 295 AD2d 228, 229 [2002], *lv denied* 99 NY2d 533 [2002]).

Although testimony about similar drug sales that did not involve defendant should have been excluded, such testimony did not deprive defendant of a fair trial. This brief and limited testimony did not suggest large-scale drug activity and was not unduly prejudicial (*see People v Campbell*, 255 AD2d 221 [1998], *lv denied* 92 NY2d 1029 [1998]).

Defendant's double jeopardy claim concerning his conviction of both criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree is unpreserved (*People v Gonzalez*, 99 NY2d 76 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of the prohibition against double jeopardy (*see Missouri v Hunter*, 459 US 359, 366-369 [1983]). We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]).

We find the sentences excessive to the extent indicated.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.