■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RODRIGUEZ, Appellant. [769 NYS2d 423]—Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered January 11, 2000, convicting defendant after a jury trial of robbery in the first degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him after a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]) for robbing a gasoline station/food mart with two other men. Defendant failed to preserve for our review his contentions that Supreme Court did not adequately state the reasons for a juror's disqualification and that defense counsel should have been permitted to ask questions of that juror to determine the scope of the juror's misconduct (*see People v Albert*, 85 NY2d 851, 852 [1995]; *People v Howze*, 239 AD2d 895, 896 [1997], *lv denied* 90 NY2d 940 [1997]). In addition, we note that the juror was disqualified upon defendant's own motion and with defendant's written consent (*see* CPL 270.35 [1]), and thus defendant has waived those contentions (*see People v Smith*, 304 AD2d 364, 365 [2003], *lv denied* 100 NY2d 566 [2003]; *People v Woods*, 238 AD2d 144 [1997], *lv denied* 90 NY2d 912 [1997]).

Defendant also failed to preserve for our review his contention concerning the court's charge on reasonable doubt and, in any event, that contention is lacking in merit (*see People v Saunders*, 283 AD2d 523, 523-524 [2001], *lv denied* 96 NY2d 924 [2001]; *see also People v Antommarchi*, 80 NY2d 247, 251-252 [1992], *rearg denied* 81 NY2d 759 [1992]). We further conclude that the court properly instructed the jury that defendant's flight was evidence of consciousness of guilt (*see People v Murray*, 305 AD2d 301 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Henry*, 270 AD2d 936 [2000], *lv denied* 95 NY2d 905 [2000]; *see generally People v Yazum*, 13 NY2d 302, 304-305 [1963], *rearg denied* 15 NY2d 679 [1964]). Defendant failed to preserve for our review his additional contention that the conviction is not supported by legally sufficient evidence because the descriptions of defendant given by the People's witnesses were vague and contradictory (*see generally People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit (*see People v Gray*, 243 AD2d 648 [1997], *lv denied* 91 NY2d 873 [1997]). Finally, we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.