07-4178-pr
Henry v. Ricks

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

(Argued: June 19, 2009

Decided: August 10, 2009
Amended: August 10, 2009)

Docket No. 07-4178-pr

LUCAS HENRY,

*Petitioner-Appellant*,

v.

THOMAS RICKS, Superintendent,

*Respondent-Appellee*.

Before: MINER and CABRANES, Circuit Judges, and STEIN, District Judge.[*]

Following denial of leave for further appeal of a state conviction for depraved indifference murder, *People v. Henry*, 95 N.Y.2d 905 (2000); *see* N.Y. Penal Law § 125.25(2), petitioner sought habeas relief. The United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*) denied the petition but granted petitioner's motion for a Certificate of Appealability. Petitioner then appealed. First, we hold that recent decisions by the New York Court of Appeals announcing a change in New York's law of depraved indifference murder are not applicable to petitioner's conviction. Second, addressing a matter of first impression in our Circuit, we hold that the Due Process Clause of the Fourteenth Amendment of the United States Constitution does not

---

[*]The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

require the retroactive application of the new interpretation of N.Y. Penal Law § 125.25(2) on collateral review of petitioner's conviction.

Affirmed.

> LISA E. FLEISCHMANN, Assistant Attorney General (Andrew D. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the brief*), Office of the Attorney General of the State of New York, New York, NY, *for Appellee Thomas Ricks.*
>
> ROBERT N. ISSEKS (Alex Smith, *on the brief*), Middletown, NY, *for Appellant Lucas Henry.*

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner-appellant Lucas Henry was convicted in 1997 in New York state court of one count of depraved indifference murder. *See* N.Y. Penal Law § 125.25(2). He now challenges an August 21, 2007 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Henry v. Ricks*, No. 01-cv-1361, 2007 WL 2406928, at *2 (N.D.N.Y. Aug. 21, 2007). In accordance with a Certificate of Appealability ("COA") granted by the District Court, **[A 6-8]** Henry contends that the holding of the New York Court of Appeals that "someone who intends to cause serious physical injury does not commit depraved indifference murder," *People v. Suarez*, 6 N.Y.3d 202, 211 (2005), merely clarified the law applicable at the time of his conviction and that his conviction must be vacated because the evidence adduced at trial demonstrated his intent to cause serious physical injury to his victim, thus making intentional murder a more appropriate charge. Henry also argues that, in any event, "retroactive application [of the aforementioned rule] is mandatory as a matter of federal due process and equal protection." Appellant's Br. 14.

2

## BACKGROUND

The following facts are undisputed except to the extent noted. On February 23, 1993, Henry shot Anthony Bookard in an apartment in the presence of several individuals. Henry immediately departed, leaving those bystanders behind with Bookard, who died in the apartment several minutes later. Later, Henry returned to the apartment and, with the help of several others, placed Bookard's body in the trunk of a car and then buried the body in a snow bank near an elementary school.

On December 20, 1995, an Oneida County grand jury charged Henry with two counts of murder in the second degree—one count of intentional murder in the second degree and one count of murder in the second degree under a depraved indifference theory. N.Y. Penal Law § 125.25. On January 23, 1997, a jury found Henry guilty of depraved indifference murder, in violation of N.Y. Penal Law § 125.25(2),[2] but he was acquitted of intentional murder. On April 4, 1997, Henry was sentenced to an indeterminate prison sentence of twenty-five years to life.

Henry appealed his conviction, arguing, among other things, that the evidence adduced at trial was not sufficient to establish his guilt. The New York State Supreme Court, Appellate Division, affirmed his conviction, *People v. Henry*, 706 N.Y.S.2d 565 (4th Dep't 2000), and the New York Court of Appeals denied leave to appeal, *see People v. Henry*, 95 N.Y.2d 905 (2000).

In 2001, Henry, proceeding *pro se*, filed a petition for a writ of habeas corpus in the District Court pursuant to 28 U.S.C. § 2254. The District Court referred the matter to Magistrate Judge David E. Peebles, who, on November 2, 2005, filed a report and recommendation advising that

---

[2] N.Y. Penal Law § 125.25(2) provides: "A person is guilty of murder in the second degree when[,] . . . [u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person . . . ."

3

Henry's petition be denied. In objecting to the Magistrate Judge's report, Henry argued—this time through counsel—that his conviction could not stand because the intervening holding of the New York Court of Appeals in *People v. Suarez*, 6 N.Y.3d 202 (2005), which was decided after the Magistrate Judge had filed his report and recommendation, "[made] it clear that a 'point[-]blank shooting [is] insufficient to establish depraved indifference murder.'" Petitioner's Objection to the Magistrate Judge's Report and Recommendation, *Henry v. Ricks*, No. 01-cv-1361, (N.D.N.Y. Feb. 14, 2006) (quoting *Suarez*, 6 N.Y.3d at 208) (some brackets added). Notwithstanding Henry's objection, the District Court adopted the Magistrate Judge's recommendation, reasoning that, although the New York Court of Appeals had recently altered New York's law of depraved indifference murder in a "material way," Henry was not entitled to relief because the alteration did not apply retroactively. *Henry*, 2007 WL 2406928, at *1.

Following the District Court's denial of relief, Henry moved for a COA so that this Court could review "two constitutional contentions." Aff. in Support of Pet'rs Mot. for COA, *Henry v. Ricks*, No. 01-cv-01361, at 1 (N.D.N.Y. Sept. 19, 2007) ("Motion for COA"). In his moving papers, Henry informed the District Court that he wished to argue that (1) pursuant to decision in *Dixon v. Miller*, 293 F.3d 74 (2d Cir. 2002), the decisions of the New York Court of Appeals in *Suarez* and *People v. Gonzalez*, 1 N.Y.3d 464 (2004), as well as other cases, must be applied in our collateral review of his conviction because they "constitut[ed] a clarification" of the law as it existed at the time of his conviction and "not a change[ ] in the law," Motion for COA at 2, and (2) even if the decisions marked a change in New York's law of depraved indifference murder, "as a matter of federal constitutional law" the change must be applied retroactively, *id.* at 1-2.

The District Court granted the Motion for a COA in full, *Henry v. Ricks*, No. 01-cv-1361,

4

2007 WL 3353067, at *1 (N.D.N.Y. Nov. 9, 2007), and this appeal followed.

## DISCUSSION

We review *de novo* a district court's denial of a petition for a writ of habeas corpus. *See, e.g.,* *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003). Where a claim for post-conviction relief has been adjudicated on the merits in state court, we may grant habeas relief only if "the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the Due Process Clause of the Fifth and Fourteenth Amendments, no conviction may be sustained "except upon proof beyond reasonable doubt of every fact necessary to constitute the crime . . . charged." *In re Winship*, 397 U.S. 358, 364 (1970). A habeas petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Einaugler v. Supreme Court of New York*, 109 F.3d 836, 839 (2d Cir. 1997) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (internal quotation marks omitted).

### A.

When evaluating the sufficiency of the evidence adduced at a state court criminal proceeding, we "look to state law to determine the elements" of the relevant crime. *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000); *see also Dixon*, 293 F.3d at 79 ("The state court's interpretation of the proof required must be applied on collateral review to prevent a violation of the Due Process Clause of the Fourteenth Amendment . . . ."). Pursuant to our decision in *Dixon*,

5

which, for purposes relevant to this appeal, simply applied the Supreme Court's holding in *Fiore v. White*, 531 U.S. 225 (2001)—"[w]here a state's highest court for the first time interprets a criminal statute to require proof of a particular element and that interpretation does not create a new law but merely clarifies what the law was at the time of a defendant's conviction"— we apply the new interpretation of the criminal statute on collateral review of the conviction. *Dixon*, 293 F.3d at 79 (citing *Fiore*, 531 U.S. at 228).

It is undisputed that a recent line of opinions by the New York Court of Appeals, beginning with *Gonzalez*, affected our understanding of N.Y. Penal Law § 125.25(2), which describes the offense of depraved indifference murder under New York law. *See Policano v. Herbert*, 7 N.Y.3d 588, 600-01 (2006) (noting that *Gonzalez* and subsequent cases, including *People v. Payne*, 3 N.Y.3d 266, 272 (2004), *Suarez*, 6 N.Y.3d at 212, and *People v. Feingold*, 7 N.Y.3d 288 (2006), have "recast" the law of depraved indifference murder). In these cases, the New York Court of Appeals explained that, contrary to prior interpretations of N.Y. Penal Law § 125.25(2), New York law does not permit a jury to convict a defendant of depraved indifference murder where the evidence demonstrates the defendant's intent to kill the victim. *See Gonzalez*, 1 N.Y.3d at 468 ("Depraved indifference murder . . . involves a killing in which the defendant does not have a conscious objective to cause death but instead is recklessly indifferent, depravedly so, to whether death occurs.").

Henry argues that he is entitled to application of the rule articulated in *Gonzalez* because, according to Henry, that decision and subsequent decisions of the New York Court of Appeals merely "clarified" New York law as it existed at the time of his conviction. Appellant's Br. 11. Far from asserting actual innocence or a lack of intent to kill his victim, he contends that the evidence adduced at his trial amply demonstrated his intent to wound the victim mortally. Henry urges that,

6

in light of the evidence of his intent, the evidence was not sufficient to convict him of depraved indifference murder under the new pronouncement of the law by the New York Court of Appeals as to N.Y. Penal Law § 125.25(2). Forthrightly conceding that his position is "disturbing," Appellant's Br. 15, Henry posits that his culpability—that is, his intent to kill Bookard—now entitles him to the issuance of the Great Writ.

Henry's argument that the recent decisions of the New York Court of Appeals merely clarified the law as it existed at the time his conviction became final is squarely foreclosed by the holding of the New York Court of Appeals in *Policano v. Herbert*, in which the state's highest court explained that the recent decisions marked a change in the law that did not apply retroactively. *See* 7 N.Y.3d at 603 ("This raises the question whether our post-[2002] case law applies retroactively to defendant's case. . . . We conclude that it does not."). We certified the following question to the New York Court of Appeals: "*In [2001], what were the established elements of depraved indifference murder?*" *Policano v. Herbert*, 453 F.3d 75, 76 (2d Cir. 2006) (emphasis added). In response, New York's highest court explained that, from 1983, when it decided *People v. Register*, 60 N.Y.2d 270 (1983), through 2002, when it affirmed *Register* in *People v. Sanchez*, 98 N.Y.2d 373 (2002), "recklessness, pure and simple, [was] the *mens rea* for depraved indifference murder," and depraved indifference murder was distinguishable from manslaughter not by the required *mens rea*, "'but by the objective circumstances in which the act occur[ed]'" which "define[d] the degree of risk created by the defendant." *Policano*, 7 N.Y.3d at 597 (quoting *Register*, 60 N.Y.2d at 278). From 1983 to 2002 "the very facts establishing a risk of death approaching certainty and thus presenting compelling circumstantial evidence of intent—for example, a point blank shooting of a victim in the head—likewise demonstrated depraved indifference." *Policano*, 7 N.Y.3d at 601. In other words,

7

under this pre-*Gonzalez* rule, an individual could, in some cases, be convicted of depraved indifference murder even where the evidence suggested that he may have intended to kill his victim. *See id.* at 600 (noting that, prior to the 2004 decision in *Gonzalez*, "it [was] not a valid challenge to the conviction of reckless murder that the evidence tended to establish defendant's guilt of intentional murder" (internal quotation marks omitted)).

In light of the explicit guidance of the New York Court of Appeals, we recognized that *Gonzalez* and subsequent decisions of that court announced a change in New York law—not a clarification of it—and "did not reflect the applicable law for purposes" of a conviction affirmed by the New York Court of Appeals in 2001. *Policano*, 507 F.3d at 114. It follows that *Gonzalez* and its progeny did not reflect the law applicable to Henry's 1997 conviction, which was affirmed on direct appeal in 2000. *See Henry*, 95 N.Y.2d at 905 (denying leave to appeal). For this reason, our holding in *Dixon* does not require that we apply the new interpretation of N.Y. Penal Law § 125.25(2) by the New York Court of Appeals in our collateral review of Henry's conviction.

**B.**

We now turn to Henry's contention that "retroactive application of [*Gonzalez*] is mandatory as a matter of federal due process and equal protection." Appellant's Br. 14. This claim is distinct from his position that, under *Dixon*, he is entitled to application of a new interpretation of New York law. Henry assumes for purposes of his second argument that *Gonzalez* marked a change in the law that post-dated his conviction—as opposed to a mere clarification of the law as it existed at the time of his conviction—but urges that, under the circumstances presented in this case, the requirements of the Due Process and the Equal Protection Clauses compel us to apply the new interpretation of N.Y. Penal Law § 125.25(2) by the New York Court of Appeals retroactively.

8

The question whether, or under what circumstances, due process requires that a new interpretation of a criminal statute by a state's highest court be applied retroactively on collateral review is one of first impression in this Circuit.[1] Our holding in *Dixon* did not address the issue; a clarification of the law as it has always existed presents, by definition, "'no issue of retroactivity.'" *Dixon*, 293 F.3d at 79 (quoting *Fiore*, 531 U.S. at 228). As noted, in *Policano v. Herbert*, a panel of this court held that an individual whose conviction for depraved indifference murder under New York law became final in 2001 was not entitled to habeas relief because the decisions of the New York Court of Appeals in *Gonzalez* and subsequent cases did not apply at the time his conviction became final. *Policano*, 507 F.3d at 114-16. However, that panel did not expressly consider whether due process required the retroactive application of the new rule.

The Supreme Court has held that the Constitution does not require a state's highest court "to make retroactive its new construction of [a criminal] statute." *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973).[2] This conclusion followed from the principle that "[a] state in defining the limits of

---

[1] Henry offers no support for his claim that the Equal Protection Clause requires application of the decision of the New York Court of Appeals in *Gonzalez* to his case, and we discern no plausible basis for such a proposition. *See, e.g.*, *Fiore v. White*, 149 F.3d 221, 226 (3d Cir. 1998) (Alito, *J.*) ("The [Supreme] Court has never tied [federal retroactivity rules] to the Equal Protection Clause."), *rev'd on other grounds by Fiore*, 531 U.S. at 228-29. Accordingly, we limit our discussion to whether the Due Process Clause mandates application of *Gonzalez* to Henry's petition.

[2] On at least two occasions after it decided *Wainwright*, the Supreme Court has had before it the question whether due process requires the retroactive application of a judicially announced change in a state's criminal law. In *Fiore*, the Court "granted certiorari in part to decide when, or whether, the Federal Due Process Clause requires a State to apply a new interpretation of a state criminal statute retroactively to cases on collateral review." 528 U.S. at 226. However, after certifying a question to the Pennsylvania Supreme Court, the Court determined that there had been no change in state law and, hence, "retroactivity [was] not at issue." *Id.* Similarly, in *Bunkley v. Florida*, the Court remanded the case to the Florida Supreme Court so that it could consider when the change in state law occurred and thus did not consider whether due process required retroactive application of a new interpretation of a state criminal statute. 538 U.S. 835, 840-41 (2003).

9

adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward." *Id.* (internal quotation marks omitted). Furthermore, "[i]t may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions." *Id.* (quoting *Great N. Ry. Co. v. Sunburst Oil & Ref. Co.*, 287 U.S. 358, 364 (1932) (internal quotation marks omitted)). Where, as here, a state's highest court has determined that a new rule does not apply retroactively, we "are not at liberty, for anything contained in the Constitution of the United States, to thrust upon [state] courts a different conception either of the binding force of precedent or of the meaning of judicial process." *Great N. Ry. Co.*, 287 U.S. at 366; *see also Policano*, 453 F.3d at 83 (Raggi, *J.*, dissenting from a denial of rehearing *en banc*) ("[T]he Constitution does not compel retroactive application of state law."); *Fiore v. White*, 149 F.3d 221, 224 (3d Cir. 1998) (Alito, *J.*) ("[S]tate courts are under no constitutional obligation to apply their decisions retroactively."), *rev'd on other grounds by Fiore*, 531 U.S. at 228-29.

Were we to adopt Henry's position, we would call into question core principles governing the retroactive application of judicially announced changes in federal criminal law. The Supreme Court has applied a judicially announced change in substantive federal criminal law retroactively on collateral review where the new interpretation established that a prisoner was convicted "for an act that the law [did] *not make criminal*," and where retroactive application was necessary to avoid a "'complete miscarriage of justice'" under "'exceptional circumstances.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (emphasis added). In the context of criminal procedure, the Court has recognized that only "watershed" principles of constitutional law that "implicate the fundamental fairness of the trial" may be applied retroactively. *Teague v. Lane*, 489 U.S. 288, 311-12 (1989). Accordingly, it is well established that due process does not require federal courts to give retroactive

effect to new rules of criminal procedure that affect the elements of federal crimes. *See, e.g., Coleman v. United States*, 329 F.3d 77, 89 (2d Cir. 2003) (holding that *Apprendi* does not apply retroactively to a petition for a writ of habeas corpus under 28 U.S.C. § 2255). Generally, "any conviction free from federal constitutional error *at the time it became final*, will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing." *Teague*, 489 U.S. at 311 (emphasis added) (internal quotation marks omitted).

We decline Henry's invitation to hold that, in this instance, due process requires more of states than of federal courts. Moreover, our recent decision in *Policano* was consistent with the Supreme Court's opinion in *Wainwright*, and it confirmed—even if it did not explicitly hold—that due process did not mandate the retroactive application of the post-2004 interpretation of the New York Court of Appeals on collateral review. *See Policano*, 507 F.3d at 114 (holding that petitioner was not entitled to relief because the decision of the New York Court of Appeals in *Gonzalez* "did not reflect the applicable law for purposes of [his] petition").

In short, because the Constitution "has no voice upon the subject," states may develop and apply their own rules of retroactivity, *Great N. Ry. Co.*, 287 U.S. at 364, even in the context of criminal law, *see Wainwright*, 414 U.S. at 24. In this case, the New York Court of Appeals applied its own precedent to determine whether its new interpretation of N.Y. Penal Law § 125.25(2) applied retroactively and concluded that it did not. *See Policano*, 7 N.Y.3d at 603 (evaluating "three factors to determine whether a new precedent operates retroactively" and holding that retroactive operation was not warranted).

We hold that, under the circumstances presented here, the Due Process Clause does not require the retroactive application of a new interpretation of a criminal statute by the New York Court of Appeals in our collateral review of a conviction. *See ante*, note 3.

**CONCLUSION**

For reasons stated above, the August 21, 2007 judgment of the District Court is AFFIRMED.