*565 Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered September 24, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.
There is no record support for defendant’s claim that the court singled out a holdout juror and gave her an allegedly coercive individual instruction. During deliberations, the jury revealed that it was deadlocked 11 to 1. Later in deliberations, the jury sent a note stating that a particular juror wanted to speak with the court individually and was refusing to continue deliberating in the interim. The court interviewed this juror in the presence of defendant and counsel, and she specifically stated that her problem “isn’t with whose [sic] going which way”; instead, she complained that another juror was using a BlackBerry that should have been taken from her prior to deliberations. After the BlackBerry was taken from the juror, the complaining juror stated that she still did not wish to continue deliberating. The court, however, directed her to do so, and she acquiesced in the directive. The record evidence is insufficient to support the conclusion that this juror was the holdout juror. Accordingly, defendant has failed to meet his burden of providing a factual record sufficient to permit appellate review of this claim (see People v Kinchen, 60 NY2d 772, 773-774 [1983]). In any event, regardless of whether the juror at issue was the lone holdout, the court’s instruction to her was not coercive and it did not deprive defendant of a fair trial.
When a court officer reported to the court that, in his pres *566 ence, the juror with the BlackBerry made a job-related call and discussed “absolutely nothing” about the case, there was no usurpation or improper delegation of a judicial function, or any violation of defendant’s right to be present at all material stages of his trial, his right to counsel, and his right to a jury of 12 persons. The officer, who did not give any legal instructions to the juror or any other jurors, simply supplied information upon which the court made its own determination that no action, other than removing the BlackBerry, was warranted (see People v Smith, 304 AD2d 364 [2003], lv denied 100 NY2d 566 [2003] [no improper delegation where court relied on nonjudicial personnel to inquire as to absent juror’s unavailability for CPL 270.35 purposes]; People v Bruno, 295 AD2d 228, 229 [2002], lv denied 99 NY2d 533 [2002] [same]). Since the officer’s role was entirely ministerial (see People v Bonaparte, 78 NY2d 26, 30-31 [1991]), defendant’s claim is not exempt from preservation requirements, and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we also reject it on the merits.
The court properly admitted the undercover officer’s testimony that at the time of the charged sale he recognized defendant from a previous encounter during which defendant had told him that he knew he was an officer and that he should leave the area. Even assuming that this conduct amounted to obstructing governmental administration “by means of intimidation” (Penal Law § 195.05) or otherwise constituted an uncharged crime or bad act, the evidence was relevant to the issue of the officer’s ability to identify defendant as the seller, and its probative value outweighed its prejudicial effect, which was minimized by the court’s limiting instructions. “Contrary to defendant’s argument, a pattern of crimes employing a unique modus operand! is not the exclusive situation in which uncharged crimes may be probative of identity” (People v Laverpool, 267 AD2d 93, 94 [1999], lv denied 94 NY2d 904 [2000]; see also People v Carter, 77 NY2d 95, 107 [1990], cert denied 499 US 967 [1991]; People v Gines, 36 NY2d 932 [1975]). Limiting the officer to testifying about an unexplained prior encounter would have deprived the jury of the full explanation for the officer’s focus on defendant (see e.g. People v Matthews, 276 AD2d 385 [2000], lv denied 96 NY2d 736 [2001]). In addition, we note that the prejudice to defendant was further reduced when his counsel made affirmative use of this evidence, arguing that his client would not have sold drugs to a person he had previously recognized as an officer. Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.