08-1683-pr
Goldberg v. Tracy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand ten.

PRESENT:
         ROBERT A. KATZMANN,
         GERARD E. LYNCH,
                      *Circuit Judges*,
         TIMOTHY C. STANCEU,[*]
                      *Judge*.

_____

DARRIN GOLDBERG,

         *Petitioner-Appellant*,

         v.                                                         08-1683-pr

FRANK TRACY, Superintendent, Downstate Correctional Facility,

         *Respondent-Appellee*.[**]

_____

---

[*] The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

For Appellant:    DARRIN GOLDBERG, *pro se*, Warwick, NY

For Appellee:    DOUGLAS NOLL, Assistant District Attorney (Peter A. Weinstein, Andrew Fukuda, Assistant District Attorneys, *on the brief*), *for* Kathleen M. Rice, District Attorney, Nassau County, Mineola, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Darrin Goldberg, *pro se*, appeals from a judgment of the district court denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus on the ground that he received ineffective assistance of trial and appellate counsel. The district court granted a certificate of appealability on, *inter alia*, "whether appellate counsel was ineffective in failing to raise the 'ill juror' claim on appeal." *Goldberg v. Tracy*, 247 F.R.D. 360, 401 (E.D.N.Y. 2008).[1] We subsequently expanded the certificate of appealability to include: "(1) whether trial counsel failed to advise Appellant about a second plea deal; and (2) whether trial counsel misrepresented Appellant's sentence exposure." We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* the district court's denial of Goldberg's petition for a writ of habeas corpus. *See Henry v. Ricks*, 578 F.3d 134, 137 (2d Cir. 2000). Such a writ may not issue for any claim adjudicated on the merits by a state court unless the state court decision

---

[1] The district court, having held an evidentiary hearing at which Goldberg appeared by telephone, also granted a COA on the following issues: "[W]hether Goldberg had waived his physical production in court at the evidentiary hearing by failing to object," and "whether appellate counsel's failure to inform petitioner about filing a pro se brief raising the ill juror issue constituted ineffective assistance of counsel." *Goldberg*, 247 F.R.D. at 401. However, Goldberg failed to raise these issues on appeal, and he has therefore waived them. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

2

was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented" in state court, *id.* § 2254(d)(2). Moreover, factual determinations made by a state court are "presumed to be correct," and that the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

A criminal defendant seeking to overturn his conviction based on ineffective assistance of counsel "bears a heavy burden." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). To succeed on the ineffective assistance claim in his habeas petition, Goldberg was required to demonstrate that (1) the performance of his counsel was objectively unreasonable and (2) there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). This standard applies to claims involving both trial and appellate counsel. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Upon our review of the state court's factual findings, as limited by the habeas statute, we conclude that Goldberg did not meet this burden.

After conducting an evidentiary hearing, the Nassau County Court denied the motion Goldberg made under New York Criminal Procedure Law § 440.10, in which Goldberg claimed that his trial counsel was constitutionally ineffective for failing to convey to him the terms of a second plea offer, failing to advise him about that offer, and failing to inform him of his maximum sentence exposure.

We conclude that Goldberg did not rebut by clear and convincing evidence the presumption that the state court correctly found that Goldberg's trial counsel informed

3

Goldberg of the maximum sentencing exposure. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). Although the reasonableness of the state court finding that Goldberg was informed of and advised on the second plea offer is perhaps open to question, we need not determine whether Goldberg has overcome the statutory presumption that the state court's factual determination was correct on this issue. Even if we assume that Goldberg's attorney did not communicate the plea offer, and therefore the first *Strickland* prong is met, *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003), we find that Goldberg has failed to demonstrate by clear and convincing evidence that there existed, under the circumstances, a reasonable probability that he would have accepted the offer had it in fact been made, *see Puglisi v. United States*, 586 F.3d 209, 217 (2d Cir. 2009); *see also Richard S. v. Carpinello*, 589 F.3d 75, 86 (2d Cir. 2009) (finding that even if evidence identified by the petitioner "carries some, perhaps even substantial, weight . . . it [may still] fail[] to rebut by clear and convincing evidence the state courts' findings").

With respect to Goldberg's claim that his appellate counsel was constitutionally ineffective for failing to raise on appeal an issue involving an "ill juror," the Appellate Division denied his application for a writ of error *coram nobis* on this ground. Goldberg has failed to demonstrate that this decision was contrary to, or involved an unreasonable application of, the Supreme Court standards governing such claims. *See Strickland*, 466 U.S. at 687; *Jones v. Barnes*, 463 U.S. 745, 754 (1983) (holding that appellate counsel is not required to raise every possible non-frivolous issue); *Mayo*, 13 F.3d at 533.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4