■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EADES, Appellant. [604 NYS2d 659] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for review his contention that the court improperly permitted the prosecution to present rebuttal testimony concerning the vision reported by defendant's mother. Before the witness was called, defense counsel objected to permitting the witness to testify on the ground that his testimony would concern collateral matters. The court overruled the objection and permitted the witness to testify. Most of the testimony given by the witness was proper because it was probative of the issues involved and, thus, did not relate to collateral matters. Defense counsel failed to object to any of the testimony given by the witness and his objection made before the witness testified was not sufficient to alert the court to the specific testimony concerning the mother's vision. Moreover, the error, if any, was harmless *(see, People v Crimmins,* 36 NY2d 230). The proof of defendant's guilt was overwhelming and there was no probability that the jury would have rendered a different verdict.

The court properly directed that the sentence on the conviction of rape in the first degree (Penal Law § 130.35 [1]) run consecutively to the sentence on the conviction of assault in the first degree (Penal Law § 120.10 [1]). The offenses were not committed through a single act or omission or through an act or omission that constituted one of the offenses and was also a material element of the other. The assault, a knifing, was

completed before defendant took the victim to the rear of the alley where he committed the rape. The rape was not an element of the intentional assault, and the assault was not an element of the rape. The element of forcible compulsion necessary to establish the offense of rape in the first degree was satisfied when defendant forcibly bent the victim over and smashed her face into the gravel causing lacerations of her face. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Rape, 1st Degree.) Present—Pine, J. P., Balio, Doerr, Boomer and Boehm, JJ.