■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant. [690 NYS2d 594] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered January 9, 1990, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree (two counts), assault in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to three consecutive terms of 12½ to 25 years on the rape and sodomy convictions consecutive to a term of 7½ to 15 years on the first-degree assault conviction, to run concurrently with a term of 3½ to 7 years on the second-degree assault conviction, unanimously affirmed.

By failing to object, by failing to make specific objections, and by failing to request any further relief after objections were sustained, defendant has not preserved his present challenges to the People's summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged portions of the People's summation could not have deprived defendant of a fair trial in light of the overwhelming evidence of his guilt.

Defendant's assault on the victim by cutting her face with a broken bottle as she tried to evade him on the rooftop, causing permanent disfigurement, was completed before the subsequent rape and sodomy, which were perpetrated by means of other acts of forcible compulsion, and the original assault was not a material element of those crimes. Under these circumstances,

the court lawfully imposed consecutive sentences for defendant's separate and distinct acts of assault, rape and sodomy (*see, People v Eades*, 198 AD2d 905, *lv denied* 83 NY2d 804; *People v Brown*, 66 AD2d 223, 226).

We perceive no abuse of sentencing discretion. Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.