THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO LOBBAN, Appellant. [872 NYS2d 557]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered April 17, 2007, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), reckless endangerment in the first degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was sufficient evidence to support his conviction of reckless endangerment in the first degree. This is not a case in which the defendant's conduct could only be interpreted as intentional (*cf. People v Payne*, 3 NY3d 266, 271 [2004]). Rather, based on the evidence presented in this case, a rational jury could have concluded that, in firing a gun in the direction of the complainants' retreating car, without actually hitting the car or its occupants with any bullets, the defendant created a grave risk of death under circumstances evincing a depraved indifference to human life, but did not specifically intend to kill or injure the complainants.

The defendant's argument that the verdict was repugnant is unpreserved for appellate review because he failed to raise the issue before the jury was discharged, when the defect could

have been remedied by resubmitting the charges to the jury (*see People v Stahl*, 53 NY2d 1048, 1050 [1981]; *People v Moses*, 36 AD3d 720 [2007]). In any event, the acquittal on the prohibited use of a weapon charge did not render the verdict repugnant. The jury rationally could have found that the defendant did not fire a gun directly at the complainant's vehicle (*see* Penal Law § 265.35), requiring an acquittal on that charge, but, nevertheless, that he had discharged the gun in such a manner that the complainants' car was either "in *or near* the line of fire" (*People v Bennett*, 193 AD2d 808, 809 [1993] [emphasis added]), which supported his conviction of reckless endangerment in the first degree (*see* Penal Law § 120.25). Further, the charges of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree did not require proof that the defendant discharged his firearm (*see* Penal Law §§ 265.03, 265.02, 120.14). Accordingly, the acquittal on the prohibited use of a weapon charge was not conclusive as to a necessary element of any of the other offenses (*see People v Trappier*, 87 NY2d 55, 58 [1995]; *People v Tucker*, 55 NY2d 1, 7 [1981]).

Despite the defendant's disagreement with the "reasonable and legitimate strategy" employed by his counsel, he was not denied the effective assistance of counsel (*People v Benevento*, 91 NY2d 708, 713 [1998]; *see People v Henry*, 95 NY2d 563, 565 [2000]).

The defendant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.