■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY L. GARCIA-SANTIAGO, Appellant. [876 NYS2d 263]—Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered September 30, 2005. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of manslaughter in the first degree (Penal Law § 125.20), defendant contends that Supreme Court erred in determining that a police officer was qualified to testify as an expert witness concerning the behavior of an individual with a blood alcohol content of .03%. Defendant failed to object to the testimony of the officer on that ground and thus failed to preserve that contention for our review (*see* CPL 470.05 [2]; *see generally People v Delatorres*, 34 AD3d 1343, 1344 [2006], *lv denied* 8 NY3d 921 [2007]; *People v Smith*, 24 AD3d 1253 [2005], *lv denied* 6 NY3d 818 [2006]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that the court erred in admitting the officer's

testimony in evidence because it lacked a proper foundation (*see generally People v Jones*, 73 NY2d 427, 430 [1989]), and was irrelevant (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]). The sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.