■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PATTERSON, Appellant. [884 NYS2d 768]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 8, 2007, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On November 13, 2006, the testimony in this case was completed. The next morning, the attorneys delivered their summations and the court instructed the jury. The jury sent the court two notes that day. In the first, it requested a readback of certain testimony and reinstruction on each of the charged crimes. The court complied with that request. In the second note, the jury requested reinstruction on second-degree murder, "with emphasis on what intent to kill entails. Please provide examples." The court reinstructed the jury on murder in the second degree, but properly declined to provide the jury with examples of intent. At what the court referred to as a "late hour," the court noted that it had been "an extremely long day," ordered that deliberations cease, and sequestered the jury.

The next day, near noon, the jury sent the court a note which the court described and responded to as follows:

"Members of the jury, we received another communication. [']We have reached a verdict on two of the three counts. We'd like to know what would happen if we feel we can't come to a decision on one count. We're deadlocked on one of the three counts.[']

"Members of the jury, I want you to understand something. Even though, in terms of it was a relatively short trial, in terms of days, *this case is an important case. There was a great deal of*

*expense and time put into this case. We are going to keep you together until we have a verdict.* You may continue your deliberations.

"If you need us for anything, we are here. Follow the instructions of the court officer." (Emphasis added.)

Immediately after the jury left the courtroom, defense counsel stated: "Judge, could I ask you to bring them back out and also just give them part of the charge that says to reason together, though. When you said, [']we're going to keep you together until you reach a verdict,['] that's almost, I don't want to say it, almost sounds like you're going to coerce a verdict. I ask that you bring them out and say, just try your best."

The court denied the request, and, less than two hours later, the jury reported that it had reached a verdict on all three counts.

We agree with the defendant that the Supreme Court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was coercive and requires reversal. First, by its seemingly absolute and improper statement that the jury would be kept together until it reached a verdict, the court "overemphasized the jury's obligation to return a verdict" (*People v Aponte*, 2 NY3d 304, 308 [2004]). Moreover, the court should have instructed the jury, in response to defense counsel's request, as to its duty to consider the evidence impartially and to try to reach an agreement without any juror surrendering his or her individual judgment (*see People v Aleman*, 12 NY3d 806, 807 [2009]; *People v Aponte*, 2 NY3d at 309; *People v Delaremore*, 212 AD2d 804, 805 [1995]; CJI2d[NY] Deliberations).

The defendant's contention that the evidence was legally insufficient to support his conviction of reckless endangerment in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Taberas*, 60 AD3d 791 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the crime of reckless endangerment in the first degree beyond a reasonable doubt (*see* Penal Law § 120.25; *People v Suarez*, 6 NY3d 202, 214 [2005]; *People v Lobban*, 59 AD3d 566 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon

reviewing the record here, we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence.

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.