■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY COLLINS, Appellant. [897 NYS2d 803]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered July 25, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and reckless endangerment in the first degree (§ 120.25). By his general motion seeking a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that defendant's contention is without merit. Two prosecution witnesses testified that they saw defendant carrying a handgun, and that they saw him fire shots toward the ground in the direction of one of the witnesses, who sustained a gunshot wound to the foot. Thus, we conclude that there is a valid line of reasoning and permissible inferences to enable Supreme Court to find that defendant possessed a loaded firearm with the intent to use it unlawfully against another person (*see People v Speights*, 56 AD3d 1232, 1233 [2008], *lv denied* 11 NY3d 930 [2009]) and that, in doing so, he created a grave risk of death under circumstances evincing a depraved indifference to human life (*see People v Lobban*, 59 AD3d 566 [2009], *lv denied* 12 NY3d 818 [2009]; *People v Yellen*, 30 AD3d 634, 635-636 [2006], *lv denied* 8 NY3d 951 [2007]). We further conclude that the verdict is not against the weight of the evidence. Although a different result would not have been unreasonable, the court did not fail to give the evidence the weight it should be accorded, and we will not disturb the credibility determinations of the court, which had the opportunity to "view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.