■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD LEBRON, Appellant. [925 NYS2d 344]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered March 23, 2010, convicting him of assault in the third degree, criminal possession of a weapon in the fourth degree, and disorderly conduct, upon a jury verdict, and sentencing him to definite terms of imprisonment of one year on the convictions of assault in the third degree and criminal possession of a weapon in the fourth degree, and a definite term of imprisonment of 15 days on the conviction of disorderly conduct, all the terms to be served concurrently. By decision and order on motion dated April 19, 2010, this Court granted the defendant's motion to stay execution of the judgment pending hearing and determination of the appeal.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on the convictions of assault in the third degree and criminal possession of a weapon in the fourth degree from definite terms of imprisonment of one year to definite terms of imprisonment of 90 days; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that his acquittal on the count of assault in the second degree (Penal Law § 120.05 [2]), his conviction on the count of assault in the third degree (Penal Law § 120.00 [1]), and his conviction on the count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) resulted in a repugnant verdict is not preserved for appellate review inasmuch as the defendant did not ask that the charges be resubmitted to the jury (*see People v Rich*, 78 AD3d 1200, 1201 [2010]; *People v Lobban*, 59 AD3d 566, 566-567 [2009]). Indeed, the defendant waived this claim when, after the court pointed out the alleged inconsistency, defense counsel asked that the charges not be resubmitted to the jury. Consequently, we do not address the merits of the defendant's claim that the verdict was repugnant. Moreover, the defendant's claim that counsel was ineffective because he failed to request resubmission of the allegedly inconsistent counts to the jury is without merit. The record reflects a valid strategic reason for counsel's decision. Under the verdict as reported by the jury, the defendant was acquitted of the only felony count in the indictment. Resubmission of the case would have exposed the defendant to a possible conviction on that count (*see People v Alfaro*, 66 NY2d 985, 987 [1985]). Given the evidence in the case, counsel's decision is justifiable as strategically legitimate (*id.*; *cf. People v Rayam*, 94 NY2d 557, 562-563 [2000]). Thus, the defendant has not established that he was denied the effective assistance of counsel (*see People v Evans*, 16 NY3d 571, 574-576 [2011]; *People v Benevento*, 91 NY2d 708, 714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

The sentence imposed was excessive to the extent indicated (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention does not require reversal. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.