# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**222**
**KA 11-00100**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

ROBERT C. MOORER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO SALZER & ANDOLINA P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 17, 2010. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment, following a jury trial, convicting him of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, the verdict with respect to reckless endangerment in the first degree is not against the weight of the evidence. Viewing the elements of that crime as charged to the jury, we conclude that the elements were proved beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349). The evidence established that defendant fired a rifle with large caliber ammunition from a distance of 12 to 15 feet at a 45-degree angle toward a group of children playing soccer at an apartment complex and, "in doing so, he created a grave risk of death under circumstances evincing a depraved indifference to human life" (*People v Collins*, 70 AD3d 1366, 1367, *lv denied* 14 NY3d 839; *see People v Payne*, 71 AD3d 1289, 1290, *lv denied* 15 NY3d 777; *People v Lobban*, 59 AD3d 566, 566, *lv denied* 12 NY3d 818; *cf. People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959). Even assuming, arguendo, that a different verdict would not have been unreasonable (*see generally People v Bleakley*, 69 NY2d 490, 495), we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see Collins*, 70 AD3d at 1367).

We reject defendant's contention that County Court erred in permitting the People to offer testimony regarding a second rifle and

ammunition for both rifles, which were retrieved by the police from the open trunk of defendant's car, inasmuch as that evidence was relevant to show defendant's intent to use the weapon he had fired against another person (*see People v Madera*, 103 AD3d 1197, 1199-1200, *lv denied* 21 NY3d 1006).  We further conclude that the probative value of that evidence is not outweighed by its alleged prejudicial effect (*see generally People v Dorm*, 12 NY3d 16, 19).  Defendant failed to object to the testimony regarding the military capability of the ammunition and thus failed to preserve for our review his contention that the court erred in permitting that testimony on the ground that its prejudicial effect outweighed the probative value (*see People v Garcia-Santiago*, 60 AD3d 1383, 1383, *lv denied* 12 NY3d 915; *People v Eades*, 198 AD2d 905, 905, *lv denied* 83 NY2d 804).  In any event, we conclude that the contention is without merit.

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court