◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SMITH III, Appellant. [37 NYS3d 442]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered April 11, 2014, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the

prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The minor discrepancies between the description of the defendant given at trial by the People's main witnesses and the descriptions given to police in affidavits after the shooting and before the grand jury did not render their testimony incredible (*see People v Green*, 107 AD3d 915, 915 [2013]; *People v Rivera*, 78 AD3d 969 [2010]).

The defendant's contention that the verdict was repugnant because the jury convicted him of reckless endangerment in the first degree but acquitted him of all the other counts, including criminal possession of a weapon in the second degree under Penal Law § 265.03 (3), is unpreserved for appellate review because he failed to make this argument before the jury was discharged (*see* CPL 470.05 [2]; *People v DeLee*, 24 NY3d 603, 607 [2014]; *People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Satloff*, 56 NY2d 745, 746 [1982]; *People v May*, 138 AD3d 1024 [2016]; *People v Lobban*, 59 AD3d 566 [2009]). In any event, the contention is without merit (*see People v DeLee*, 24 NY3d at 608; *People v Muhammad*, 17 NY3d 532 [2011]; *People v Tucker*, 55 NY2d 1, 9 [1981]; *People v Groves*, 8 AD3d 498 [2004]).

The defendant's remaining contention is without merit (*see People v Abraham*, 22 NY3d 140, 146 [2013]). Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.