Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 31, 2009. The judgment convicted defendant upon a jury verdict of, inter alia, burglary in the second degree (three counts) and reckless endangerment in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for burglary in the second degree under count one of the indictment to an indeterminate term of imprisonment of 18 years to life, reducing the sentences imposed for burglary in the second degree under counts two and three of the indictment to indeterminate terms of imprisonment of 17 years to life, and directing that the sentences imposed on counts two through five shall run concurrently, and as modified the judgment is affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of reckless endangerment in the first degree (§ 120.25). The conviction arises from defendant’s commission of three home burglaries and his efforts to avoid apprehension following the third burglary. The reckless endangerment count is based on defendant’s conduct in leaving the site of the third burglary by driving his car across the front yard “directly at” a police sergeant, who testified that he “would have been hit” if he had not jumped out of the way when the car was about 10 feet from him.
 

 We reject defendant’s contention that County Court erred in failing to substitute counsel in place of his second assigned attorney. His requests for that attorney to be relieved consisted of conclusory assertions of disagreements concerning strategy and of ineffectiveness of counsel, as well as assertions that the attorney had not spoken to him often enough about the case, and the requests were thus insufficient to require any inquiry by the court (see People v Porto, 16 NY3d 93, 100-101 [2010]; People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; People v Benson, 265 AD2d 814, 814-815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]; cf. People v Smith, 30 NY3d 1043, 1044 [Nov. 21, 2017]; People v Sides, 75 NY2d 822, 824-825 [1990]). We also reject defendant’s contention that he should have been allowed to represent himself, inasmuch as the record does not establish that he made an unequivocal request to do so (see People v Gillian, 8 NY3d 85, 87-88 [2006]; People v Morgan, 72 AD3d 1482, 1482-1483 [4th Dept 2010], lv denied 15 NY3d 854 [2010]; see generally People v McIntyre, 36 NY2d 10, 17 [1974]). Although defendant stated at the end of one pretrial court appearance that he did not want a lawyer and that he wanted to “do [his] own case,” we conclude that those remarks, “when viewed in [their] immediate context as well as in light of the entire record, cannot be interpreted as [an unequivocal] request for self-representation” (People v Santos, 243 AD2d 334, 334 [1st Dept 1997], lv denied 91 NY2d 880 [1997]; see People v Carter, 299 AD2d 418, 418-419 [2d Dept 2002], lv denied 99 NY2d 615 [2003]). Even assuming, arguendo, that defendant preserved for our review his further contention that the court erred in failing to recuse itself (cf. People v Wyzykowski, 120 AD3d 1603, 1603 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]), we conclude that the record does not support his claim of bias on the part of the court and, thus, recusal was not required (see People v Maxam, 301 AD2d 791, 793 [3d Dept 2003], lv denied 99 NY2d 617 [2003]; see generally People v Moreno, 70 NY2d 403, 405-406 [1987]; People v McCray, 121 AD3d 1549, 1551 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]).
 

 Defendant’s contention that the evidence is legally insufficient to support his conviction of reckless endangerment in the first degree is not preserved for our review, both because his trial order of dismissal motion did not raise the specific grounds he advances on appeal, and because he did not renew the motion after presenting evidence (see People v Roman, 85 AD3d 1630, 1630 [4th Dept 2011], lv denied 17 NY3d 821 [2011]; see generally People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish that defendant committed reckless endangerment in the first degree. Based on the evidence that defendant drove at the sergeant “relatively fast,” forcing the sergeant to jump out of the way to avoid being hit, it was rational for the jury to find that defendant acted recklessly under circumstances evincing a depraved indifference to human life and created a grave risk of death to the sergeant (see People v Robinson, 16 AD3d 768, 769-770 [3d Dept 2005], lv denied 4 NY3d 856 [2005]; People v Tunstall, 197 AD2d 791, 792 [3d Dept 1993], lv denied 83 NY2d 811 [1994]; People v Senior, 126 AD2d 740, 741-742 [2d Dept 1987]). People v VanGorden (147 AD3d 1436, 1439-1440 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]), relied upon by defendant, is distinguishable because the defendant in that case drove into a stopped police vehicle (id. at 1437), and the risk of death if a vehicle accelerating from a stop were to strike a person on foot is significantly greater than the risk of death from a collision with another vehicle under comparable circumstances. Viewing the evidence in light of the elements of reckless endangerment in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict with respect to that crime is not against the weight of the evidence (see Robinson, 16 AD3d at 770; see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Moorer, 137 AD3d 1711, 1711 [4th Dept 2016], lv denied 27 NY3d 1136 [2016]). Even assuming, arguendo, that an acquittal of the counts charging burglary in the second degree would not have been unreasonable (see Danielson, 9 NY3d at 348), we conclude that the verdict with respect to those counts, when viewed in light of the elements of the crime as charged to the jury, is likewise not against the weight of the evidence based on, inter alia, the evidence that property stolen in each of the burglaries was found in defendant’s car or his home (see People v Carmel, 138 AD3d 1448, 1449 [4th Dept 2016], lv denied 28 NY3d 969 [2016]; People v Davidson, 121 AD3d 612, 612-613 [1st Dept 2014], lv denied 25 NY3d 988 [2015]; see generally Bleakley, 69 NY2d at 495).
 

 Contrary to defendant’s contention, the court did not abuse its discretion in having him removed from the courtroom when he became disruptive during the testimony of one of the burglary victims, inasmuch as he had previously received adequate warnings that such disruptive conduct could lead to his removal (see CPL 260.20; People v Branch, 35 AD3d 228, 229 [1st Dept 2006], lv denied 8 NY3d 919 [2007]; see generally People v Byrnes, 33 NY2d 343, 349-350 [1974]; People v Mercer, 66 AD3d 1368, 1369 [4th Dept 2009], lv denied 13 NY3d 940 [2010]).
 

 Defendant received effective assistance of counsel (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). In particular, counsel was not ineffective in failing to support defendant’s pro se motions (see People v Blackwell, 129 AD3d 1690, 1691 [4th Dept 2015], lv denied 26 NY3d 926 [2015]), failing to preserve any legal sufficiency issues (see People v Cole, 111 AD3d 1301, 1302 [4th Dept 2013]), or failing to withdraw from representing defendant (People v Gibson, 95 AD3d 1033, 1034 [2d Dept 2012], lv denied 19 NY3d 996 [2012]). Moreover, defendant was not deprived of a fair trial by the cumulative effect of errors allegedly committed by the court and defense counsel.
 

 Defendant was properly determined to be a persistent violent felony offender. Persistent violent felony offender status is based on recidivism alone (see Penal Law § 70.08 [1] [a]; People v Myers, 33 AD3d 822, 822-823 [2d Dept 2006], lv denied 7 NY3d 927 [2006]), and thus matters such as defendant’s history and character were not relevant (cf. § 70.10 [2]). We agree with defendant, however, that the aggregate sentence of 82 years to life in prison imposed by the court is unduly harsh and severe, and we therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence imposed for burglary in the second degree under count one of the indictment to an indeterminate term of imprisonment of 18 years to life, reducing the sentences imposed for burglary in the second degree under counts two and three of the indictment to indeterminate terms of imprisonment of 17 years to life, and directing that the sentences imposed on counts two through five shall run concurrently, for an aggregate sentence of 35 years to life (see CPL 470.15 [6] [b]).
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.