People v Richards (2018 NY Slip Op 06121)





People v Richards


2018 NY Slip Op 06121


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-08753
 (Ind. No. 131/15)

[*1]The People of the State of New York, respondent,
v
Stephen Richards, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig Stephen Brown, J.), rendered July 22, 2016, convicting him of reckless endangerment in the first degree (two counts), criminal mischief in the third degree (two counts), and unlawful discharge of a firearm, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree (see Penal Law § 120.25; People v Patterson, 65 AD3d 705, 706; People v Lobban, 59 AD3d 566, 566; People v Teets, 293 AD2d 766, 767). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to reckless endangerment in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the verdict was repugnant is unpreserved for appellate review, as he failed to raise the issue before the discharge of the jury (see People v Alfaro, 66 NY2d 985, 987; People v Smith, 142 AD3d 1027, 1028; People v Lobban, 59 AD3d at 566-567). In any event, the contention is without merit (see People v Trappier, 87 NY2d 55; People v Smith, 142 AD3d at 1028; People v Lobban, 59 AD3d at 566-567; People v Groves, 8 AD3d 498).
The defendant's contention that the County Court erred in failing to instruct the jury on the lesser included offense of reckless endangerment in the second degree is unpreserved for appellate review (see People v Buckley, 75 NY2d 843, 846; People v Arroyo, 128 AD3d 843, 844). In any event, the contention is without merit (see People v Burke, 73 AD2d 627; see also People v Alvaradoajcuc, 142 AD3d 1094, 1094; People v Arroyo, 128 AD3d at 844).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court