# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

443.1
KA 12-01432
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LASHORN SPARROW, DEFENDANT-APPELLANT.

---

KINDLON SHANKS AND ASSOCIATES, ALBANY (TERENCE KINDLON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 2, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [former (3)]). By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit (*see generally People v Danielson*, 9 NY3d 342, 349). The People presented legally sufficient evidence from which the jury could find that defendant knew that his vehicle had been pulled over by the police, that the persons outside his vehicle were police officers, that the officers were "performing a lawful duty," and that defendant "cause[d] physical injury to [a] police officer" when he backed his vehicle up and drove away (§ 120.05 [former (3)]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Montero*, 100 AD3d 1555, 1555, *lv denied* 21 NY3d 945), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that he received ineffective assistance of counsel. Viewing the evidence, the law and

the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Finally, we have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court