# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

515

KA 13-00975

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                 V                     MEMORANDUM AND ORDER

HERLAND W. BOUWENS, III, ALSO KNOWN AS BUTCH,
DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, PITTSFORD, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 30, 2013. The judgment convicted defendant, upon a jury verdict, of assault on a police officer, resisting arrest and obstructing governmental administration in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, assault on a police officer (Penal Law § 120.08). The charges against defendant arose out of his actions incident to his arrest for a parole violation, during which a sergeant of the Ontario County Sheriff's Office was injured. Contrary to defendant's contention, viewing the evidence in light of the elements of the assault count as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict finding that defendant intended to prevent the sergeant from performing his lawful duty, thereby injuring him (*see* § 120.08; *People v Coombs*, 56 AD3d 1195-1196, *lv denied* 12 NY3d 782), is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The People's evidence at trial established that defendant was aware that he was the subject of an arrest warrant, had twice evaded the efforts of police officers to arrest him on that warrant, and had told his parole officer that he runs when he sees the police. Several police officers testified that defendant turned toward and ran into the sergeant attempting to apprehend defendant, and that defendant continued to resist their attempts to arrest him after he was brought to the ground. The People also presented evidence in the form of a nearby store's surveillance video showing defendant's encounter with the police and confirming the above testimony. Contrary to defendant's contention, there was no evidence that he was attempting to surrender, and any finding that he was attempting to surrender

"would have been both speculative and contrary to the evidence" (*People v Miranda*, 66 AD3d 509, 510, *lv denied* 13 NY3d 909).

Defendant's contention that he was denied effective assistance of counsel "is based on matters outside the record and thus is not reviewable on direct appeal" (*People v Davis*, 119 AD3d 1383, 1384, *lv denied* 24 NY3d 960).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  May 1, 2015                                          Frances E. Cafarell
                                                               Clerk of the Court