# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

924
KA 11-00791
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

SYLVESTER BRITT, JR., DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 16, 2011. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree, resisting arrest and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the evidence is legally insufficient to establish that he intended to prevent the police officer from performing a lawful duty. We reject that contention inasmuch as there was ample evidence that defendant was aware that he was being pursued by the police after shoplifting from two stores and intended to prevent the police officer from arresting him by fleeing in a vehicle and on foot (*see People v Sparrow*, 117 AD3d 1563, 1563-1564, *lv denied* 23 NY3d 1043; *People v Foster*, 52 AD3d 957, 959, *lv denied* 11 NY3d 788; *People v Coulanges*, 264 AD2d 853, 853, *lv denied* 94 NY2d 878). Further, we conclude that County Court did not fail to give the evidence the weight it should be accorded on the element of intent (*see People v Hicks*, 128 AD3d 1221, 1222-1223; *People v Bouwens*, 128 AD3d 1393, 1393; *see generally People v Danielson*, 9 NY3d 342, 349). Any inconsistencies in the police officers' testimony raised issues of credibility, and we decline to disturb the court's credibility determination (*see People v Collins*, 70 AD3d 1366, 1367, *lv denied* 14 NY3d 839; *People v Gritzke*, 292 AD2d 805, 805-806, *lv denied* 98 NY2d 697).

We similarly conclude that the evidence is legally sufficient to establish that defendant caused the police officer to sustain a physical injury inasmuch as "[i]t is well settled that, 'where a

defendant's flight naturally induces a police officer to engage in pursuit, and the officer is killed [or injured] in the course of that pursuit, the causation element of the crime will be satisfied' " (*People v Cipollina*, 94 AD3d 1549, 1550, *lv denied* 19 NY3d 971, quoting *People v Carncross*, 14 NY3d 319, 325).  Finally, the sentence is not unduly harsh or severe.