# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**843**

**KA 14-01967**

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

CORDARISE HOUSTON, DEFENDANT-APPELLANT.

---

ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.

CORDARISE HOUSTON, DEFENDANT-APPELLANT PRO SE.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 30, 2014. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). The victim called 911 to report that he had been shot in the chest at his home, and he identified defendant, his close friend for many years, as the shooter to both the 911 operator and to a police officer at the scene. The victim sustained at least six gunshot wounds and was left paralyzed from the waist down. At trial, he confirmed that a recording of his 911 call and statements at the scene depicted his voice, but he testified that he had no memory of the shooting.

We reject defendant's contention that County Court erred in admitting the victim's statements to the 911 operator and police officer as excited utterances. The record establishes that the victim made the statements very shortly after the shooting and repeatedly said that he was dying, and we are satisfied that he spoke under the stress of the excitement caused by being shot and severely injured, while " 'his reflective capacity was stilled' " (*People v Cantave*, 21

NY3d 374, 381, *clarification denied* 21 NY3d 1070; *see People v Mulligan*, 118 AD3d 1372, 1372-1373, *lv denied* 25 NY3d 1075; *People v Kelley*, 46 AD3d 1329, 1330-1331, *lv denied* 10 NY3d 813).

Defendant further contends that the admission of the victim's statements to the police officer violated his constitutional right of confrontation because those statements were testimonial in nature (*see generally Crawford v Washington*, 541 US 36, 50-54). Even assuming, arguendo, that the victim's alleged memory loss rendered the statements at issue inadmissible if testimonial notwithstanding that defendant had the opportunity to cross-examine the victim at trial (*cf. United States v Owens*, 484 US 554, 557-560; *People v Linton*, 21 AD3d 909, 910, *lv denied* 5 NY3d 853), we reject defendant's contention. The record supports the court's determination that the statements were not testimonial, i.e., that the "primary purpose" of the victim's conversation with the officer was to enable the police to address an ongoing emergency, rather than to generate information for use in a future prosecution (*Davis v Washington*, 547 US 813, 822; *see Michigan v Bryant*, 562 US 344, 371-378; *People v Nieves-Andino*, 9 NY3d 12, 15-16; *People v Anderson*, 114 AD3d 1083, 1084-1085, *lv denied* 22 NY3d 1196; *cf. People v Clay*, 88 AD3d 14, 21-24, *lv denied* 17 NY3d 952).

Defendant concedes that the evidence is legally sufficient to support his conviction if the victim's identifying statements were properly admitted, and we reject his contention that the verdict is against the weight of the evidence with respect to the issue of identification (*see generally People v Bleakley*, 69 NY2d 490, 495). "The jury's resolution of credibility and identification issues is entitled to great weight" (*People v Mobley*, 49 AD3d 1343, 1345, *lv denied* 11 NY3d 791 [internal quotation marks omitted]), and the exculpatory scenarios proposed by defendant on appeal are merely speculative (*see People v Rodriguez*, 125 AD3d 472, 472, *lv denied* 26 NY3d 971; *see generally People v Bouwens*, 128 AD3d 1393, 1393-1394).

Contrary to defendant's contention, he was not entitled to a complete circumstantial evidence charge inasmuch as "[t]he excited utterances of a victim identifying the shooter constitute direct evidence of guilt" (*People v Vigliotti*, 270 AD2d 904, 905, *lv denied* 95 NY2d 839, *reconsideration denied* 95 NY2d 970; *see generally People v Daddona*, 81 NY2d 990, 992). Defendant did not object to the prosecutor's allegedly improper remarks on summation, and he thus failed to preserve for our review his contention that those remarks denied him a fair trial (*see* CPL 470.05 [2]; *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967). In any event, the remarks in question constituted fair comment on the content of the victim's statements (*see People v Albaladejo*, 10 AD3d 582, 582, *lv denied* 4 NY3d 740), and we reject defendant's further contention that defense counsel's failure to object to them deprived him of effective assistance of counsel (*see People v Isaac*, 137 AD3d 1164, 1165, *lv denied* 27 NY3d 1134; *People v Hendrix*, 132 AD3d 1348, 1348, *lv denied* 26 NY3d 1145).

Defendant also contends that he was denied due process at sentencing by the court's consideration of speculation by the prosecutor concerning the motive for the shooting (*see generally People v Naranjo*, 89 NY2d 1047, 1049). That contention is not preserved for our review because defendant made no relevant objection at sentencing (*see People v Colome-Rodriguez*, 120 AD3d 1525, 1525-1526, *lv denied* 25 NY3d 1161; *People v Byrd*, 116 AD3d 875, 876-877, *lv denied* 24 NY3d 1001), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We also conclude that defendant has not shown that he was denied effective assistance of counsel at sentencing (*see People v Orengo*, 97 NY2d 739, 739-740; *People v Saladeen*, 12 AD3d 1179, 1180, *lv denied* 4 NY3d 767).

We agree with defendant, however, that the sentence is illegal insofar as the court directed that the sentence imposed on the count charging criminal possession of a weapon run consecutively to the sentences imposed on the other counts, and we note that this contention does not require preservation (*see People v Fuentes*, 52 AD3d 1297, 1300-1301, *lv denied* 11 NY3d 736). The People had the burden of establishing that consecutive sentences were legal, i.e., that the crimes were committed through separate acts (*see People v Rodriguez*, 25 NY3d 238, 244; *see generally* Penal Law § 70.25 [2]), and they failed to meet that burden. There was no evidence presented at trial that defendant's act of possessing a loaded firearm "was separate and distinct from" his act of shooting the victim (*People v Harris*, 115 AD3d 761, 762-763, *lv denied* 23 NY3d 1062, *reconsideration denied* 24 NY3d 1084; *cf. People v Evans*, 132 AD3d 1398, 1398-1399, *lv denied* 26 NY3d 1087; *see generally People v Brown*, 21 NY3d 739, 750-752). We therefore modify the judgment by directing that all of the sentences run concurrently. The sentence, as so modified, is not unduly harsh or severe.

Finally, the various contentions in defendant's pro se supplemental brief concerning the court's dismissal of a sworn juror are unpreserved for our review (*see People v Hicks*, 6 NY3d 737, 739; *People v Astacio*, 105 AD3d 1394, 1395-1396, *lv denied* 22 NY3d 1154; *People v Rodriguez*, 2 AD3d 1359, 1360, *lv denied* 1 NY3d 633, *reconsideration denied* 2 NY3d 805), we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that defendant was not denied effective assistance of counsel by his attorney's handling of the juror's dismissal (*see People v Clark*, 139 AD3d 1368, 1371; *see generally People v Colon*, 90 NY2d 824, 825-826).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court