# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**94**

**KA 15-00332**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PEDRO ROMERO, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 27, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of assault in the first degree (Penal Law § 120.10 [1]) under count three of the indictment to assault in the second degree (§ 120.05 [2]), and the matter is remitted to Onondaga County Court for sentencing on that crime.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). This case arose from an incident in which three men ambushed two victims on a residential street in the City of Syracuse. One victim suffered gunshot wounds to the leg and survived. The other victim suffered a gunshot wound to the head and died. Eyewitnesses initially identified Efrain Santos, Maximino Alvarez, and a third suspect as the assailants, but the third suspect had an alibi. Eyewitnesses later identified defendant as the third assailant. A grand jury indicted Santos, Alvarez, and defendant on an acting-in-concert theory, and Alvarez eventually pleaded guilty and agreed to testify against defendant.

We agree with defendant that his conviction of assault in the first degree as charged in count three of the indictment is based on legally insufficient evidence because there is insufficient evidence that the surviving victim suffered serious physical injury (*see* Penal

Law § 120.10 [1]), i.e., "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (§ 10.00 [10]). Although the victim displayed to the jury scars on his leg caused by his gunshot wounds, "the record does not contain any pictures or descriptions of what the jury saw so as to prove that these scars constitute serious or protracted disfigurement" (*People v Tucker*, 91 AD3d 1030, 1032, *lv denied* 19 NY3d 1002; *see generally People v McKinnon*, 15 NY3d 311, 315-316). Furthermore, although the victim testified that he "feel[s] pain in [his] leg" in cold weather, we conclude that such testimony does not constitute evidence of persistent pain so severe as to cause "protracted impairment of health" (§ 10.00 [10]; *see generally People v Stewart*, 18 NY3d 831, 832-833). We further conclude, however, that the evidence is legally sufficient to support a conviction of the lesser included offense of assault in the second degree (Penal Law § 120.05 [2]), and we therefore modify the judgment accordingly. Contrary to defendant's further contention, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "The jury's resolution of credibility and identification issues is entitled to great weight" (*People v Houston*, 142 AD3d 1397, 1398 [internal quotation marks omitted]), and we decline to disturb the jury's determination of those issues.

Defendant failed to preserve for our review his challenge to the admission in evidence of a purported threatening letter that Alvarez received in prison. Defendant did not object to the admission of the letter on the specific ground he now raises on appeal (*see People v Clark*, 90 AD3d 1576, 1577, *lv denied* 18 NY3d 992), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his challenge to County Court's preclusion ruling relating to the CPL 710.30 notice (*see People v Robinson*, 28 AD3d 1126, 1129, *lv denied* 7 NY3d 794). In any event, we conclude that the court's ruling was proper (*see generally People v Lopez*, 84 NY2d 425, 428).

Contrary to defendant's further contention, we conclude that the court properly denied his request for a missing witness charge because he "failed to meet his initial burden of establishing that [the] witness would provide testimony favorable to the prosecution" (*People v Butler*, 140 AD3d 1610, 1611, *lv denied* 28 NY3d 969). Finally, the sentence is not unduly harsh or severe.

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court