# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**297**

**KA 16-01433**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL DEITZ, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 25, 2016. The judgment convicted defendant, upon his plea of guilty, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of predatory sexual assault against a child (Penal Law § 130.96). We reject defendant's contention that County Court erred in refusing to suppress his statement to the police as "involuntarily made" (CPL 60.45 [1]). "The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession" (*People v Coggins*, 234 AD2d 469, 470; *see People v Clark*, 139 AD3d 1368, 1369, *lv denied* 28 NY3d 928). Here, the record establishes that defendant voluntarily agreed to accompany the police officers from his place of employment to another location and, once in the interview room there, he agreed to speak to the officers after receiving *Miranda* warnings (*see People v Jacobson*, 60 AD3d 1326, 1327, *lv denied* 12 NY3d 916). Contrary to defendant's contention, we conclude that the interrogating officer's assurances to defendant that defendant was not a sexual predator or a bad person, and that he would feel better if he told the truth "were not improper or unusual where, as here, there is no evidence that defendant was of subnormal intelligence or susceptible to suggestion" (*Clark*, 139 AD3d at 1369; *see People v Johnson*, 52 AD3d 1286, 1287, *lv denied* 11 NY3d 738). Nor was defendant's statement rendered involuntary by any alleged deception by the officer, inasmuch as no specific promises were made to defendant to induce him to confess (*see People v Johnston*, 143 AD3d 1227, 1228, *lv denied* ___ NY3d ___ [Jan. 4, 2017]), and "it cannot be said that the alleged deception was so fundamentally unfair as to deny [defendant] due process" (*People v*

*Clyburn-Dawson*, 128 AD3d 1350, 1351, *lv denied* 26 NY3d 966 [internal quotation marks omitted]).  In sum, even assuming, arguendo, that the police misled defendant, we conclude that " 'such deception did not create a substantial risk that defendant might falsely incriminate himself' " (*People v Camacho*, 70 AD3d 1393, 1394, *lv denied* 14 NY3d 886).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  March 24, 2017                           Frances E. Cafarell
                                                   Clerk of the Court