People v Pinckney (2020 NY Slip Op 04410)





People v Pinckney


2020 NY Slip Op 04410


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-01299
 (Ind. No. 122/17)

[*1]The People of the State of New York, respondent,
v
Nathaniel Pinckney, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 10, 2018, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. On December 4, 2017, the defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in exchange for a promise that he would be sentenced to a determinate term of imprisonment not to exceed 6 years to be followed by a period of postrelease supervision not to exceed 3 years. On January 10, 2018, the County Court sentenced the defendant to a determinate term of imprisonment of 4½ years followed by a period of postrelease supervision of 2 years.
The defendant's contention that the County Court should have, sua sponte, ordered judicial diversion pursuant to CPL article 216 is precluded by his valid waiver of the right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; People v Sabater, 144 AD3d 950, 951). The defendant's valid waiver of the right to appeal also precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 256; People v Mancini, 177 AD3d 644, 645).
The defendant's valid waiver of the right to appeal precludes review of his contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Leasure, 177 AD3d 770; People v Hendrix, 172 AD3d 1224, 1225). To the extent that part of the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the contention is without merit (see People v Caban, 5 NY3d 143, 152; People v McDonald, 1 NY3d 109, 113-114; People v Ford, 86 NY2d 397, 404).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court