People v Boyd (2021 NY Slip Op 01897)





People v Boyd


2021 NY Slip Op 01897


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


167 KA 18-02090

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER BOYD, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered July 19, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the first degree (two counts), robbery in the first degree (three counts), assault in the first degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts six and eight shall run concurrently with each other and with all other counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of robbery in the first degree (Penal Law § 160.15 [1], [4]), two counts each of burglary in the first degree (§ 140.30 [2], [4]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), and one count each of assault in the first degree (§ 120.10 [4]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), and criminal possession of stolen property in the fourth degree (§ 165.45 [5]). Defendant contends and the People correctly concede that his waiver of the right to appeal is invalid because County Court "mischaracterized it as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Brooks, 187 AD3d 1587, 1588 [4th Dept 2020], lv denied 36 NY3d 1049 [2021] [internal quotation marks omitted]).
Nevertheless, we reject defendant's contention that the court erred in determining that he voluntarily waived his Miranda rights prior to making certain statements to the police and thus erred in refusing to suppress those statements. It is well settled that "[a] statement given freely and voluntarily" is admissible in evidence (Miranda v Arizona, 384 US 436, 478 [1966]). Here, the evidence presented at the suppression hearing, which included the testimony of a police investigator who interviewed defendant and a video recording of that interview, establishes that the investigator advised defendant of his Miranda rights and then asked defendant whether he understood them. Defendant nodded his head affirmatively to indicate that he understood (see People v Henriquez, 159 AD3d 541, 541 [1st Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Madison, 71 AD3d 1422, 1423 [4th Dept 2010], lv denied 15 NY3d 753 [2010]). The investigator asked, "Yes?," and defendant again nodded his head affirmatively. The investigator asked defendant to say "yes" so that he would know defendant was listening. Thereafter, defendant said, "Yes." The investigator then asked defendant if he wished to speak, and defendant nodded his head affirmatively. We conclude that, viewing the totality of the circumstances (see People v Deitz, 148 AD3d 1653, 1653 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]), defendant's waiver of his Miranda rights was voluntary. Furthermore, although [*2]defendant appeared to be in discomfort during the interview, he explained to the investigator that he had been shot approximately four weeks earlier and did not require immediate medical attention (see People v Harrington, 163 AD2d 327, 327-328 [2d Dept 1990], lv denied 76 NY2d 940 [1990]).
We agree with defendant, however, that the sentence is illegal insofar as the court directed that the sentence imposed for assault in the first degree under count six of the indictment run consecutively to the sentence imposed for criminal possession of a weapon under count eight. Where a defendant is charged with both criminal possession of a weapon in violation of Penal Law § 265.03 (3) and a different crime that has an element involving the use of that weapon, consecutive sentencing is permissible if "[the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon" such that the possessory crime has already been completed (People v Brown, 21 NY3d 739, 751 [2013]; see People v Lozada, 164 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). The People have the burden of establishing that consecutive sentences are legal, i.e., that the two crimes were committed through separate and distinct acts (see People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]).
Where, as here, a defendant is convicted by a guilty plea, the People may rely on the allegations in the counts of the indictment to which the defendant pleaded guilty, as well as the facts adduced during the plea allocution (see People v Dean, 8 NY3d 929, 931 [2007]; People v Laureano, 87 NY2d 640, 644 [1996]). The People failed to meet their burden inasmuch as there are no facts alleged in the counts of the indictment to which defendant pleaded guilty or in the plea allocution that would establish that defendant possessed the loaded firearm prior to forming his intent to shoot the victim (cf. Lozada, 164 AD3d at 1627) or that the act of possessing the loaded firearm "was separate and distinct from" his act of shooting the victim (People v Harris, 115 AD3d 761, 763 [2d Dept 2014], lv denied 23 NY3d 1062 [2014], reconsideration denied 24 NY3d 1084 [2014]). We therefore modify the judgment by directing that the sentences imposed on counts six and eight of the indictment shall run concurrently with each other and with all other counts.
In light of our determination, we do not address defendant's alternate contention that the imposition of consecutive sentences is unduly harsh and severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court