People v Morrison (2022 NY Slip Op 00435)





People v Morrison


2022 NY Slip Op 00435


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2018-11205
 (Ind. No. 17-00586)

[*1]The People of the State of New York, respondent,
v
Omarrio H. Morrison, appellant.


Richard L. Herzfeld, New York, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Middletown, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered August 29, 2018, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence in the second degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, determinate terms of imprisonment of 15 years to be followed by periods of postrelease supervision of 5 years on the convictions of attempted robbery in the first degree and criminal possession of weapon second degree, with those four sentences to run concurrently with each other, and indeterminate terms of imprisonment of 1&frac13; to 4 years on the convictions of tampering with physical evidence in the second degree, to run consecutively to each other and to the other sentences.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by reducing the sentence imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 20 years to life, and (2) by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
On June 21, 2017, at approximately noon, at 168 Chambers Street in Newburgh, the defendant was observed via street surveillance camera summoning two young men, Dejiore Fox and Tyrees Canigan, 21 and 16 years old, respectively, to the front stoop of his apartment building. Fox and Canigan both corroborated, by their testimony at the defendant's trial, that they had been called over by the defendant. According to Fox's trial testimony, soon after Fox asked the defendant "what is it?", the defendant led Fox and Canigan into his first floor apartment. Fox and Canigan testified that the defendant then ordered them to rob the occupant of the basement apartment, who, the defendant explained, was a drug dealer. The defendant stated that he expected Fox and Canigan to retrieve a gold-link chain, cash, and any drugs they might find, and provided each man with latex gloves and a gun. Fox descended the stairs to the front entrance of the basement apartment while Canigan posted himself by the rear entrance. When Fox reached the entrance to the apartment, its [*2]occupant, the victim, observed Fox. According to the victim's girlfriend, from her vantage point at the back door of the apartment, she heard the victim ask "who are you?" and then a gunshot. Fox testified that he was caught off guard, and that when he displayed the gun and demanded of the victim "give me everything you got," the victim lunged at him, prompting Fox to fire the gun. The victim sustained a single gunshot wound to the head and neck, which was fatal. Fox and Canigan then entered the victim's apartment, and shortly thereafter climbed the stairs to the back porch, where they returned the weapons to the defendant. Canigan testified that while they were returning the weapons, the defendant appeared anxious and demanded to know what Fox and Canigan had done. The two men then fled the premises, each in a different direction. A neighbor who lived upstairs from the defendant testified that sometime later, she observed the defendant in the backyard of the building. He was holding a shiny metal object which he discarded into a wood debris pile in the backyard. The police recovered two loaded guns from the debris pile.
As a result of their cooperation with the People and testifying before the grand jury and at trial, Fox testified that he would be permitted to plead guilty to manslaughter in the first degree and a sentence of 20 years of imprisonment would be recommended, and Canigan testified that he would be permitted to plead guilty to robbery in the first degree and a sentence of 7 years of imprisonment would be recommended.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's assertion of ineffective assistance of counsel is unavailing. The defendant has failed to demonstrate the complete absence of strategic or legitimate explanation for tactics deployed at trial (see People v Rivera, 71 NY2d 705, 709; People v Caldavado, 166 AD3d 792, 794) and was provided with the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
We agree with the defendant that the sentence is illegal insofar as the County Court directed that the sentences imposed for tampering with physical evidence in the second degree under counts 7 and 8 of the indictment, which related to the guns, shall run consecutively to each other. The People failed to meet their burden of establishing that consecutive sentences are legal, i.e., that the two crimes were committed through separate and distinct acts (see People v Boyd, 192 AD3d 1659; People v Houston, 142 AD3d 1397).
Furthermore, the sentence is excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
LASALLE, P.J., DUFFY, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court