People v Cummings (2022 NY Slip Op 02815)

People v Cummings

2022 NY Slip Op 02815

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2018-13100
 (Ind. No. 181/17)

[*1]The People of the State of New York, respondent,
v
Michael Cummings, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 1, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's plea of guilty included a waiver of his right to appeal. Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Cuellar, 174 AD3d 733; People v Batista, 167 AD3d 69).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that he was improperly denied participation in a judicial diversion program (see People v Pinckney, 186 AD3d 507; People v Sabater, 144 AD3d 950), and that his sentence was harsh and excessive (see People v Lopez, 199 AD3d 704; People v Leasure, 177 AD3d 770). The defendant's valid waiver of his right to appeal also precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Leasure, 177 AD3d 770). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the claim is without merit (see People v Morrison, 201 AD3d 953).
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court