People v Recchia (2023 NY Slip Op 02333)

People v Recchia

2023 NY Slip Op 02333

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2022-02009
2022-02010

[*1]The People of the State of New York, respondent,
v
Tyler P. Recchia, appellant. (SCI Nos. 162/19, 163/19)

Thomas N.N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the County Court, Dutchess County (Jessica Z. Segal, J.), both imposed February 22, 2022, sentencing him, under Superior Court Information No. 162/19, to an indeterminate term of imprisonment of 2&frac13; to 7 years upon his conviction of burglary in the third degree and a definite term of imprisonment of 364 days upon his conviction of petit larceny, and, under Superior Court Information No. 163/19, to an indeterminate term of imprisonment of 2&frac13; to 7 years upon his conviction of burglary in the third degree and a definite term of imprisonment of 364 days upon his conviction of criminal mischief in the fourth degree, with the terms of imprisonment imposed under Superior Court Information No. 163/19 to run consecutively to the terms of imprisonment imposed under Superior Court Information No. 162/19, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are modified, as a matter of discretion in the interest of justice, by providing that the terms of imprisonment imposed under Superior Court Information No. 163/19 shall run concurrently with the terms of imprisonment imposed under Superior Court Information No. 162/19; as so modified, the sentences are affirmed.
The sentences imposed were excessive to the extent indicated herein (see People v Williams, 211 AD3d 1055; People v Morrison, 201 AD3d 953; People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHRISTOPHER, WOOTEN, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court