People v Williams
2026 NY Slip Op 03830
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
James Williams, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-01090, (Ind. No. 869/20)
Mark C. Dillon, J.P.
Helen Voutsinas
Laurence L. Love
Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Victoria Broderick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, Holly C. Jordan, and Nicole Marinaro of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered September 15, 2022, convicting him of tampering with physical evidence (two counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 1⅓ to 4 years on each conviction.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of the first count of tampering with physical evidence shall run concurrently with the sentence imposed on the conviction of the second count of tampering with physical evidence; as so modified, the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Rose, 191 AD3d 697, 697).
"The Penal Law provides that concurrent sentences must be imposed 'for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other'" (People v Laureano, 87 NY2d 640, 643, quoting Penal Law § 70.25[2]). "Thus, sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (id.; see People v Whittingham, 246 AD3d 837, 838). "Conversely, consecutive sentences may be imposed when, among other things, 'the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct'" (People v Bailey, 167 AD3d 924, 925, quoting People v Ramirez, 89 NY2d 444, 451). "The People bear the burden of establishing the legality of consecutive sentencing" (id.).
Here, the sentence was illegal insofar as the Supreme Court directed that the sentences imposed on the convictions of two counts of tampering with physical evidence shall run consecutively to each other. The People failed to meet their burden of establishing that consecutive [*2]sentences were legal, as the evidence established that the defendant disposed of two pieces of evidence in a single act (see People v Morrison, 201 AD3d 953, 955; People v Boyd, 192 AD3d 1659). Accordingly, the court should have directed that the sentences imposed upon those convictions shall run concurrently with each other (see People v Laureano, 87 NY2d at 643).
The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., VOUTSINAS, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court